DALE vs. FASSETT's Lessee.

1810.
Dec. (E. S.)

Dale
vs.
Fassett

APPEAL from *Worcester* County Court. Ejectment for a tract of land called *The Conclusion of Morehuss*, otherwise called, &c. The defendant, (the now appellant,) took defence on the plots in the cause for a tract called *Red Land*.

1. At the trial the plaintiff offered evidence to prove the first boundary of *The Conclusion of Morehuss* to be at G, as located by him on the plots. And in order to prove title to the lands mentioned in the declaration, read in evidence a warrant of resurvey, obtained on the 5th of May 1747, by *Archibald Dale*, to resurvey a tract of land called *Morehuss*, stated to have been granted to *James Round* on the 18th of December 1683, for 200 acres. Also a certificate of resurvey made in pursuance of that warrant, dated the 4th of November 1747, of a parcel of land called *The Conclusion of Morehuss*, "beginning at a marked red oak, first boundary of the aforesaid *Morehuss*, and from thence S E by S 260 poles," &c. containing 359 acres. Also a patent thereon granted to *Archibald Dale* on the 21st of March 1748. Also a deed from *Archibald Dale* to *Samuel Dale*, dated the 19th of May 1756, for 236 acres, part of *The Conclusion of Morehuss*, beginning the same "at a red oak, the first bounder of the original tract, and from thence," &c. Also a deed from *Samuel Dale* to *James Fassett*, dated the 16th of March 1768, for the same 236 acres, and described as in the deed from *Archibald Dale* to *Samuel Dale*, and also for a tract of land called *Chesnut Levell*, containing 46 acres; also a deed from *Archibald Dale* to *John Dale*, dated the 2d of August 1757, for 150 acres, part of a tract of land called *Red Land*. The defendant then read in evidence a patent granted to *James Round* on the 10th of May 1685, for a tract of land called *Red Land*, containing 300 acres. Also a patent granted to *John Dale*, senior, and *John Dale*, junior, on the 1st of June 1751, for a tract called *Red Land Enlarged*, containing 530 acres, being a resurvey

A bond, executed in 1759, by a person then claiming the land in dispute, jointly with another, conditioned to abide by a division sons should make of the land, permitted to be read in evidence by the plaintiff in an action of ejectment, where the defendant claimed under the obligor in the bond. In 1743 a tract of land called *C* was granted to *A. D*, who in 1756 conveyed a part of that tract by courses and distances to S D. In 1757 A D being in possession of a tract called *R*, granted to J R, in 1645, conveyed a part of that tract by courses and distances to J D, a part of the land mentioned in the first mentioned deed was included in that part of the tract called *R*, which was conveyed to J D. In ejectment brought for the tract called *C*, there was proof of 60 years possession and upwards, by A D, S D, and the lessor of the plaintiff, of the land located by the plaintiff on the plots; also proof of upwards of 60 years possession by J D, and the defendant, of the tract called R, for which defence was taken—Held, that if it is proved to the jury that the defendant, and those under whom he claims, held and claimed the land in dispute under A D, from whom the conveyances were made in 1756 to S D, and in 1757 to J D, then there is competent legal proof to satisfy the jury that A D, at the time of making the conveyance to S D, had a good and sufficient legal title to the tracts of land called *C* and *R*, and that the jury may and ought to presume a deed or devise to A D for the same, or that he held the same by descent from the person having the legal right and title thereto.

The court refused to direct the jury, that if J D was in possession of that part of R, (for which the defendant took defence,) under A D, when a warrant to resurvey R was granted to J D and F D, and located by them, and for which they obtained a grant in 1751, and the said possession has been regularly transmitted from J D to the defendant, they ought to presume a deed for the said land from A D to J D, prior to the deed from A D to S D.

There being no competent legal evidence to prove, that upon a dispute between S D and J D, about their lines, they referred the same to arbitration, and a line was settled between them, the court refused to direct the jury that S D, and all claiming under him, are concluded by an agreement to arbitrate.

of *Red Land*. The plaintiff then offered witnesses to prove to the jury, that all the land contained within the following limits, beginning at red E on the plots, thence with the green streak to red C, then to blue figure 2, thence to black C, thence to small letter n, thence to black I, thence to red X, red K and black B, and from thence to red E. designated on the plots, was uninclosed woodland, and includes the land in dispute. He also offered witnesses to prove, that all that part of *The Conclusion of Morehuss*, in the deed from *Samuel Dale* to *James Fassett*, the lessor of the plaintiff, as located on the plots by the plaintiff, was in possession of *Archibald Dale*, *Samuel Dale* and *James Fassett*, for 60 years and upwards; that *John Dale*, inspector, was the son of *Archibald Dale*, and that *John Dale*, inspector, was originally put into the possession of *Red Land* by his father, *Archibald Dale*, and that the said *John Dale* held the possession of the said land under his father, *Archibald Dale*, and by his permission. That the lessor of the plaintiff had claimed the land in dispute, and forewarned the defendant from cutting the timber. That about the year 1797, the lessor of the plaintiff had the land in dispute surveyed and run, according to courses and distances of the deed from *Samuel Dale* to him; that the pig pen, as located on the plots at figure 3, was put there by *Mitchell Gray*, who obtained permission for that purpose from the lessor of the plaintiff and the defendant. The defendant also offered witnesses to prove, that part of *Red Land*, for which he has taken defence, was in the possession of *John Dale*, junior, (inspector,) under whom the defendant claims, *Josiah Dale*, his son, and the defendant the son of *Josiah Dale*, for 60 years and upwards. He also read in evidence the will of *John Dale*, dated the 18th of December 1780, whereby he devised to his son *Josiah Dale*, in fee simple, "the manor plantation whereon I now live, with the improvements and appurtenances thereto belonging; that is to say, beginning at the bounder of *Red Land*, which is the first bounder of the land called *Second Addition*, so far as to come in range with the home line of my tract called *Welsh Tract*, and from thence running the reverse of the home line of *Welsh Tract* to the first bounder of *Welsh Tract*, and from thence, by and with the several lines of *Second Addition*, to the first bounder." Also the will of *Josiah*

1810.

Dale
vs
Fassett

*Dale,* dated the 14th of October 1794, devising to his son *John Dale* "all my lands and appurtenances which I own where I now live, being part of *Second Addition, Stripe,* and part of *Powell's Purchase,* to him, his heirs and assigns, for ever." And offered evidence to prove, that the land, for which he hath taken defence, is the land described in the will of *John Dale,* and that *Josiah Dale* lived on part of the said land at the time of making his said will, and until his death. The plaintiff then, for the purpose of proving that *John Dale,* (inspector,) claimed under the deed to him from *Archibald Dale,* herein before mentioned, offered to read in evidence a paper, having first proved its execution, purporting to be a bond executed on the 24th of April 1759, by *John Dale,* (inspector,) to *John Dale,* senior, in the penalty of £500 current money, conditioned that the said *John Dale,* (inspector,) "shall and do, well and truly, stand to and abide by such determination and division as Col. *Joshua Mitchell,* Capt. *Adam Brevard,* and *Rouse Fassett,* shall make, of a tract of land called *Red Land,* situate," &c. "which said lands, by deeds of conveyance, became the rights of *Archibald Dale,* senior, and *John Pope,* and by deeds of conveyance became the rights of the above said parties *John Dale,* senior, and *John Dale,* inspector, so that such determination and division by the said *Mitchell, Brevard* and *Fassett,* stand good and be final on the same. Whose determination and division shall be ended by the first of June next ensuing the date aforesaid." To the reading of this paper the defendant objected. But the court, [*Polk,* Ch. J. and *Done,* A. J.] overruled the objection, and were of opinion that the paper was legal and proper evidence, and permitted it to be read to the jury. The defendant excepted.

2. The plaintiff then offered evidence to prove, that in September 1769, Col. *John Postly* and *William Stevenson,* were called on by *Samuel Dale* to ascertain the quantity of land contained in the deed to him from *Archibald Dale,* as located by the plaintiff; that they met on the land, and run from the boundaries of *Red Land,* and *The Conclusion of Morehuss,* for the purpose of connecting the tracts; and on plotting the same, found the two tracts to interfere with each other; that they found the deed from *Samuel Dale* to *James Fassett,* as located by the plaintiff, to contain 238¼ acres and 14 perches; that they found to lie

within the part of *Red Land*, for which the defendant takes defence; 18¼ acres and 6 perches; also found 6 acres and 13 perches to lay within the part of *Red Land* located as *Thomas Dale's* part of *Red Land*; and that 3¾ acres and 38 perches were taken away by a tract claimed by *Jesse Gray*, which, added together, amounted to 8½ acres and 14 poles, which deducted left 210 acres. They then added to that quantity the 18¼ acres and 6 poles, which lay on that part of *Red Land* claimed by the defendant, and being added; made the quantity of 228¼ acres and 6 perches, as being the quantity of land contained in the deed from *Samuel Dale* to *James Fassett*, as located by the plaintiff, after deducting the part taken away by the part of *Red Land* claimed by *Thomas Dale*, and the tract of *Jesse Gray*. The plaintiff then offered evidence to prove, that in the years 1790, 1793 and 1798, *James Fassett* was assessed and taxed with 228 acres of *Morehuss*. He also offered in evidence the certificate of survey of *Morehuss*, as located by the plaintiff, made for *James Round* on the 18th of December 1683, "beginning at a marked red oak standing on a high piece of land, thence," &c. containing 200 acres. Also evidence to prove, that *Archibald Dale* was in possession of *Red Land* previous to the deed from him to *Samuel Dale*, and at the time of the execution thereof; and that *John Dale*, inspector, before the date of the deed to him from *Archibald Dale*, was in possession of *Red Land*, by permission and with the consent of *Archibald Dale*. That the lessor of the plaintiff, in 1782, applied to counsel for advice respecting his right to that part of *The Conclusion of Morehuss*, which runs within the lines of *Red Land*, and was advised that he had a right to the same. That at the time when the road was reserved as located on the plots, *James Fassett* claimed a right to the land now in dispute, and said it was the disputable land; that this was about 6 years ago. He also proved, that *John Dale*, inspector, under whom the defendant claims, previous to the deed from *Archibald Dale* to him, acknowledged that he was in the possession of *Red Land* by permission of his father, *Archibald Dale*. The defendant then moved the court to direct the jury, that if they should be of opinion, from the evidence, that *Red Land* is correctly located by the defendant, and that that part for which he has taken defence has been in his possession, and the possession of

those under whom he claims, since the year 1760, that then the plaintiff is not entitled to recover, and that they must find a verdict for the defendant, This direction the court, [*Polk*, Ch. J. and *Done*, A. J.] refused to give; but were of opinion, and so directed the jury, that if it is proved to their satisfaction, that the defendant, and those under whom he claims, held and claimed the lands in dispute under *Archibald Dale*, from whom the conveyances were made in 1756 to *Samuel Dale*, and in 1757 to *John Dale*, inspector, that in that case there is competent legal proof to satisfy the jury that *Archibald Dale*, at the time of making the conveyance to *Samuel Dale*, had a good and sufficient legal title to the tracts of land called *The Conclusion of Morehuss* and *Red Land*; and that the jury may, and ought to presume a deed or devise to *Archibald Dale* for the same, or that he held the same by descent from the person having the legal right and title thereto. The defendant excepted.

3. The defendant then moved the court to direct the jury, that if they should be of opinion, from the evidence, that *John Dale*, junior, was in the possession of that part of *Red Land*, for which the defendant has taken defence, at the time the warrant of resurvey for *Red Land Enlarged*, was granted and located, under *Archibald Dale*, and the said possession has been regularly transmitted from him to *John Dale*, the defendant, they ought to presume a deed for the said land from *Archibald Dale* to *John Dale*, junior, prior to the deed from him to *Samuel Dale*. This direction the court also refused to give. The defendant excepted.

4. The defendant then moved the court to direct the jury, that if they should be of opinion, from the evidence, that upon a dispute between *Samuel Dale* and *John Dale*, inspector, about their lines, they referred the same to arbitration, and that upon a settlement thereof by arbitrators, the line was settled from H to L on the plots, that *Samuel Dale*, and all claiming under him, are concluded thereby, and that therefore they must find a verdict for the defendant. But the court were of opinion, that there has been no competent legal evidence produced by the defendant to substantiate the facts alleged by him, and therefore refused to give this direction. The defendant excepted. The verdict and judgment being for the plaintiff, the defendant appealed to this court.

1810.

Adams
vs
Brereton

The cause was argued before Buchanan, Nicholson, Gantt, and Earle, J. by

*Bullitt* and *W. B. Martin*, for the Appellant; and by *J. Bayly* and *Whittington*, for the Appellee.

JUDGMENT AFFIRMED.

The plaintiff located his claim and pretensions for *The Conclusion of Morehuss*, beginning at black G, the first bounder of the original tract, then with black lines and figures 1, 2, 3, 4, 5, &c. to G.

The defendant took defence for *Red Land*, beginning at black A, then to black B, F, E to A.